3-0-8-0-8-5-8 People of the State of Illinois, Appalachia, Thomas Moreto v. Chad Lane, Appalachia Council, Carrie Bryson Ms. Bryson Good afternoon. May it please the Court, Council, Carrie Bryson, I represent Chad Lane in this matter. As your honors are aware, we've raised four issues in this case. We've addressed matters of jurisdiction, the trial and absentia warnings that were given in this case, the 431B, 4DR error, and reasonable doubt as to one of the counts. I'd like to begin by addressing the issue of this Court's jurisdiction, which is covered in Issue 1 of the party's briefs. Defendant was tried in absentia in July of 2008. He filed a motion for new trial, which was denied, and he was then sentenced in absentia on August 25th of 2008. He was returned to custody on October 9th of 2008, and then filed a motion to reconsider the sentence on October 20th of 2008. No question that's beyond the 30 days. 581C of the Code of Criminal Procedure requires a post-sentencing motion within 30 days. We're beyond that. What's at issue here, then, is whether the trial court was revested with jurisdiction to consider the motion to reconsider sentence. And I submit on this record, as clear as it was, revestment requires that a court of general jurisdiction, which the circuit court is a court of general jurisdiction, can be revested with personal and subject matter jurisdiction after the 30 days expires, where the parties actively participate in proceedings without objection, and the proceedings are inconsistent with the merits of the final judgment. No question here that the proceedings were inconsistent with the merits of the final judgment. It's a motion to reconsider sentence. The defendant argued that his sentence should be reconsidered, reduced. The state argued that it should be upheld, presented arguments that it was within the range that aggravation and mitigation were adequately considered, and so it should be affirmed, arguing then against the defendant's motion. Where I think counsel and I have a dispute is whether or not there was active participation without objection. And I submit there was no objection here. The court questioned whether the motion was timely at the time it was called for hearing, and the state did not object. The state said it's up to the court's interpretation. Defendant asked the court to consider it, and the court said that it was not acting to expand or create rights, but acting to cover the basis, and then went on to hear the motion and issued a ruling on the merits. The parties revested the court with jurisdiction. The parties actively participated. The state didn't object, and objection was practically invited by the court in pointing out the fact that this was not filed within 30 days. At that point, the state could have stood up and said, when we object, we object to you hearing it. You don't have jurisdiction to hear it. It's late. And they didn't do that. And because of that, I submit the circuit court was revested with jurisdiction to hear the case. And thus, the notice of appeal filed within 30 days, in fact, on the same day that the motion to reconsider was denied, gives this court jurisdiction to consider the case, the substantive issues raised. With regard to the substantive issues, Issue 2 addresses the trial and absentia warnings in this case. The record isn't clear that the defendant was advised of the possibility, warned of the possibility of trial and absentia. There is no transcript showing on the record warnings being given. There are two court orders in the record where either there's pre-printed form orders with probably 20 different boxes you can check off, where the absentia warnings box is checked off on two of the court orders. One of those, there is a transcript for that date, and absentia warnings were not given on that date. So a court order that was issued for the December 31st, 2007 date is directly contradicted by the transcript of what actually happened in court. The other written order, the November 8th of 2007 date, and I apologize, in the reply brief, I refer to it as November 7th, it was the 8th. I think there was no confusion in looking at it. The November 8th order, I know, I know, I apologize. The November 8th order, though, it also has that same box checked. It was a first appearance in bonding court. The defendant didn't even have counsel at the time. Counsel was appointed on that date. It has the box checked. There's no transcript from that date. There's no electronic recording from that date. We don't have a record of what exactly was said at that court hearing. The docket sheet doesn't indicate that absentia warnings were given. And I submit that that's not enough to show the defendant was warned of the possibility of trial in absentia, just that written order. There's also a bond agreement in the case, which might be of some interest to this court. The bond agreement, the defendant signs, and it does have a box with warnings on it that include the possibility of trial in absentia. There's some dispute over whether written admonishments on a bond slip are sufficient. In Garner, the Illinois Supreme Court had held that written admonishments on a bond slip were insufficient, although those admonishments didn't specifically mention trial in absentia. They weren't defendant of other rights he might be waiving by not appearing, but not specifically trial in absentia. In First District and Fourth District cases, Green and Lester, from the late 80s, bond slips with absentia admonishments were found not to be good enough. Those cases held that oral warnings were required by the statute. In Condon, from the Second District, the court held, though, that written admonishments can be enough. In that case, though, it was a form that was provided, signed in court, provided apparently by the court and signed in court, explaining the possibility it wasn't a bond sheet with the written admonishments. So what we have here is a bond agreement that's signed presumably at the jail, not in court when you post bond. The statute requires you to be told at a court date, and of interest to this court is the fact that there is a case, a recent case, Phillips, dealing with a bond agreement with language similar to this case. It was out of the First District in 2009. I cited to it in the brief. This court should know that leave to appeal was granted in that case in January of 2010. It has not been briefed yet. It has not been argued yet. Presumably, though, the Supreme Court will clarify whether the written admonishments on a bond agreement are sufficient to warn a defendant of the possibility of trial in absentia. And so this court should be aware that that may be coming down the pipeline sometime in the near future. Okay. Unless the court has questions about... I just want to quickly go over three issues. One is the checkbox, which there is a transcript of that hearing and there was no... Right. The second one, was that another checkbox? It's another checkbox. And no... There's no transcript. And there's no electronic report. And my third is the bond agreement. Right. So are you saying that the lack of an actual absentia warning on the one transcribed hearing upsets our presumption that it was given in the second one? Do we have to... I think... Are you arguing that we have to... Yeah, I mean, I think it should... Get rid of these presumptions. I do. I think that because... I mean, we have in this very case a written warning that conflicts with the transcript. I know we don't have a transcript for the other hearing. And so, yeah, based on the fact that there's a conflict on one, I don't think this court should presume that the other checkbox is good enough to show that the defendant was, in fact, advised of his in absentia... The possibility of trial in absentia on that date. I also, though, have made an argument, and I think you might avoid even considering that. If you look at the language of the statute, it talks about that the admonishments have to be given at the time the defendant enters a plea of not guilty or any later court date on which the defendant is present. Again, for that first court date, the November 8th of 2017, there's no indication that at that time the defendant had entered a plea of not guilty. He's calling the court, he's appointing counsel, the charges are read, bond is set. It's a first appearance. There's nothing to say he entered a plea of not guilty. Even if absentia warnings were given at that time, and from this record I don't think we can say they were, but even if they were, it's too soon under the statute. The statute says at the time the defendant enters a plea of not guilty or any later court date. So you could avoid that altogether if you were to agree with the argument about the timing of it. You could avoid having to address whether or not the written, the checked box is good enough and should presume that the warnings were given. Don't you have the burden of providing the record to us? A bystander's report really would answer all those questions. And this court can, under Part C, there was a similar situation where there was some conflict between an order and a written, or a transcript and a court order. Then that an evidentiary hearing be held on the issue of whether or not absentia warnings were given. I would ask if your honors find that there's not enough here to consider you follow the Part C case, which was a second district case from 87, affirmed by the Supreme Court in 1988, and order an evidentiary hearing to determine whether the absentia warnings were actually given on that date. With regard to the third issue, Supreme Court Rule 431B, it's tough to keep track of what's going on with all the cases that have been coming out under Supreme Court Rule 431B and orders of reconsideration from the Supreme Court. And I tried to kind of tally it up and look who was where. And decisions came out last week. They come out almost every week, it seems. This court has been pretty clear on that. Your decisions are largely consistent, in fact, wholly consistent with the rejection of a plain error argument based on substantial right. And that denial, or an error on 431B does not deny a defendant a substantial right under the decisions this court has issued, both published and unpublished, from what I've been able to get my hands on. You have, however, found plain error in a case where you found closely balanced evidence found out. In that case, the defendant, all four of the 431B principles were told to the jury. The jury veneer was not questionable about their understanding and acceptance. Error was found, found that the case was closely balanced, and there was a reversal and remand. In this case, I would submit, if Your Honors are inclined to stick with the no substantial right prong of plain error, I think that the closely balanced evidence prong still applies in this case. And it's largely due to the fact that you see an issue 4, we've argued that there is reasonable doubt on at least one of the counts in the case. So closely balanced, so close that I think it rises past the threshold of Your Honors being able to reverse the conviction on a reasonable doubt argument, and certainly closely balanced evidence in the entire case. With regard to that reasonable doubt issue, what we have here is a conviction on a charge of predatory criminal sexual assault, the most serious charge in this case, where the evidence supporting that conviction, the only evidence of the penetration, comes in at trial via a prior inconsistent statement. The complaining witness in this case at the time of trial testifies there was no penetration. There was touching, rubbing, but no penetration was not inside. She also says that her statement, the prior inconsistent statement, which was played at court, which was her interview at the Child Advocacy Center, she said that was wrong. So she renounces that statement at trial and says that her memory at trial is better of the incident than when she was talking about it at the Child Advocacy Center. That's the only evidence you have of penetration, is the prior inconsistent statement, the only thing that even remotely comes close to supporting the conviction. And I submit with the recantation of that, and the complainant was specifically confronted with the statement at trial, and she says it's wrong. There was no penetration. The evidence is beyond close on that point. It was insufficient, even in the light most favorable to the State. And I ask your honors to reverse outright on the predatory criminal sexual assault conviction. We haven't raised a reasonable doubt argument with regard to the other three counts in this case. In sum, this court is jurisdiction to consider the incident appeal by virtue of revestment. I'd ask this court to go on to reverse outright the conviction of predatory criminal sexual assault of a child, and on the remaining counts, reverse and remand for a new trial because of error in the giving of the in absentia warnings, error in the jury board error under 431B, or a combination of both. Thank you. Thank you very much. And Mr. Rado. May it please the court. Good afternoon, your honors. Counsel. There are, obviously, we have these issues here that involve revestment of 431B in absentia acknowledgments. Tackling the revestment first, the parties have to act in, basically, in Gargani. The court said that revestment involves the State tacitly agreeing that the issue should be revisited. So there is, the question is, is there active participation in the proceedings, and is it inconsistent with the prior judgment? What happened in this case? Defendant is, obviously, as conceded, brought in more than 30 days after his sentence. He doesn't file a motion to reconsider sentence until after the 30-day period. Revestment is the only way that he's going to get this in, except under, if he files a, well, amendment. Here, the court specifically starts out by saying, I don't think I necessarily have jurisdiction. It's my understanding that it's after 30 days after sentencing. I don't have it. The State says, well, I don't think the statute addresses that, and nothing in the annotations addresses that. So we're going to, it's up to your court's interpretation of the statute whether you have jurisdiction. Subsequently, the defense counsel says, oh yeah, no, it's clear that I've seen cases that the defendant is, the court retains jurisdiction all the way through the period that he's brought back and files his motion. The court says, oh, you got a case law? Oh, I've seen a case law. I don't have it, but I've seen it. So there's this misinformation that the trial court takes and says, well, all right, I really don't think that I have jurisdiction. But I will, if he, by the failure to present his rights of, preserve his rights of appeal or file a motion to be considered a sentence was lost 30 days following the original sentencing hearing, I'm not creating additional rights for the defendant here today. I'm simply trying to cover all these bases. So what do we have here? The court is acknowledging he doesn't have jurisdiction, but just in case, I'm going to address this motion. So what does the prosecution know at that point? Okay, here's all the alternatives. Either the defense, if the court doesn't have jurisdiction, case closed, it's over, done. Alternatively, if the court does have jurisdiction, now I will participate in these proceedings with the knowledge that it depends upon whether this court has jurisdiction. I would argue that it's not tacit, I'm sorry. Is that enough? Well, I would. To make that extra step and say, you know, just for purposes of record, your honor, I object, something like that. Is there enough to say, if you want to do it, it's okay by me? Well, I'm not sure it's necessarily, if you want to do it, it's okay by me. Or a variation, a variation, your honor. It's a, court doesn't have to, he doesn't have to remind the court that he doesn't have jurisdiction at that point, because court already has figured out that he doesn't have jurisdiction, but just in case, I'm going to go and hear this. The, this is not tacit acknowledgment that the proceedings should be revisited. It is an acknowledgment that, well, in the alternative that the court doesn't have jurisdiction, we'll proceed and make the argument. Regarding the admonishments, I guess we'll... Doesn't the prosecutor really have to establish a record or protect the record and say, if you go forward, judge, just show it over my objection? That would, certainly would have been an ideal situation, but I think you have to read into what the overall circumstances of what's going on here. Nobody did their homework before the hearing. Absolutely, I agree. And there are consequences to that. True, but part of that is the defense counsel's misinformation. I mean, he's relying, he's telling the court, oh yeah, you should have jurisdiction. And the court says, I don't think I do. Now, granted, the court should have done its homework as well. But nobody did their homework. I acknowledge that. And so, you're asking us to solve that difficulty when the prosecutor didn't protect the record. And I understand your argument. The admonishments, I think I can pretty much stand on the brief that on the November 8th, I did the same thing, November 7th, November 8th, back and forth. Now, counsel says that, well, there's no indication that he pleaded not guilty at that point. Well, there's no indication that he didn't. So any, in fact, if you had a bystander's report, that would resolve all those issues. And the failure to do so under Martinez resolves it against the appellant. So let's leave it at that. Regarding 431B, obviously this court has been consistent. First prong applies. I think the ruling in Glasper and Russell and other cases have been pretty consistent. Now, I realize Glasper says, well, we're going to limit it to the prior version of 431B. But the subsequent version, under Glasper, the court talks about, well, this isn't required. Most jurisdictions don't require this. It's not a constitutional requirement.  However, under Glasper, when defense counsel asked that that question be asked, the fourth principle, which is the same principle that we're concerned about here, it became mandatory. So I don't, regardless of the limitation language that the Glasper court uses, I think that the same rationale should apply. But regardless, the next question becomes whether this is closely balanced evidence. Now, counsel is arguing that there's an element that there was some back and forth on regarding whether or not he penetrated her. The unequivocal statement in her interview, which was quoted in the DVD and made part of the record, and which the statute says is basically substantive evidence because the jury gets to weigh how much weight to give to that. Now, they come back and say, well, she was confronted with this statement and specifically denied it. She said that, and counsel puts this in her brief as well, I believe, and this is parsing a little bit, perhaps, but I didn't feel his fingers inside me. I was not denying that I made this statement, not denying that this happened. But it is still then a question of what's the overall evidence and what standard do you have to apply when you have four charges, and I would argue completely overwhelming evidence regarding certainly the first three charges. I mean, you can see that there isn't overwhelming evidence regarding that final charge. Definitely there is sufficient evidence. What is the court to do? Well, inherently the Supreme Court says you have to consider whether the misstatement misled, whoops, whether the, basically so infected the proceedings that the error is what caused the jury to make its findings. Here the only question was you don't, the defendant, you can't hold it against him if he doesn't testify. Well, it's an in absentia trial. He's not going to testify. And the court did instruct the jurors that they could not consider that. So was that something, this one element, going to so infect the trial as to cause a reversal under plain error? We would argue it doesn't, but you have to look. There's, no doubt in my mind, he had this girl, had her coaxed her up on his lap, put his hands down her underwear, had her touch his private, took her upstairs, put her on this bed, was kissing her on the stomach, pushing up her shirt and kissing her neck, she testified. Now, all of that, there's absolutely overwhelming evidence. The only question is then, are you going to overturn it? Because there's some arguably recantation regarding one element. I would suggest that under the totality that you should not reverse, so. Well, there's two issues, though, that you're discussing. One is reasonable doubt, and the other is should it be overturned because the state didn't remind the judge, hey, we've got these number 431B requirements, make sure you honor them. In Russell, there's a strong statement in there that it goes both ways. The state has to be careful to make sure the judge follows Rule 431 because in closely balanced cases, it will go against them. And certainly, closely balanced evidence, you know, our argument is that it's not really closely balanced because of the overwhelming nature of the charges being proven against him except for one element. I guess that's pretty much where we're leaving it at. Mr. Arado, what is the relationship between the 431 statement that the trial court did not give, that the defendant doesn't get to defend himself, and the in absentia? Well, ironically, I believe that there was an instruction, and this wasn't really gone into depth with this, that the jury could consider the fact that he didn't show up for his own trial against him, basically, or they could not have to consider it in his favor. So is that a relation? Is there an interplay there? I mean, does one cancel out the other? You say, well, you can't hold the fact that he didn't testify against him, but you can hold the fact that he doesn't show up against him. Is that something that needs to be explained to the jury so that they can adequately deal with the fact that the defendant isn't there? Well, I think it initially, in this particular case, initially I think the judge said, yeah, it probably should be. So it could be that his failure to talk about that fourth issue was objectively critical. Well, again, I would suggest that under Glasper and Russell, it still doesn't fall under the second prong of the plain error analysis, given that you have to consider the weight of the evidence. And certainly once the Supreme Court addresses the issue, that will hopefully resolve everything one way or the other. But I would suggest that in this case there was a lot of confusion. Initially the judge said, oh, you can't hold the fact that he doesn't show up against him. And then later there was discussion back and forth, and he finally decided, well, I'm going to instruct him that you can hold it against him. Should that cancel out the fact that you even need to require 431B, or 4? Perhaps that is. I mean, if you're going to say that you can't hold it against him, why would you then instruct the jury that you can hold it against him if he doesn't show up? So I would say that the Supreme Court doesn't allow for that under the rule, but under the circumstances of this specific case, perhaps that should be what the rule is. But again, the Supreme Court might have to address that. Well, actually the Supreme Court has the rule. It's the decisions that are the problem. True. Counsel, that's two minutes. Unless there is any further questions. I guess not. Thank you. Ms. Ferrazzi. Ms. Ferrazzi. Thank you. You know, with regard to what's pending before the Illinois Supreme Court, I should also let this Court know on 431B, there is leave to appeal. It has been granted in Thompson. You're probably aware of that. It's a case out of the First District where the First District Court found substantial right, plain error, on a 431B violation. So that, at least, is going to be addressed by the Supreme Court. That case, I believe, has been fully briefed. I checked in our database today, and I think it's just a waiting argument likely to be set on the May call in Thompson. So there will be at least something coming down on that particular issue from the Supreme Court, too. To address some of the questions, in terms of revestment, did the State do enough? No, the State did not do enough. The State did not object to the Court's jurisdiction. And an objection, again, was practically invited by the Court in questioning the timeliness. It would not have been difficult for the State to say, I object, or to ask for a continuance, to look into. You know, we're not sure. We don't see it here. Defense counsel clearly wasn't sure and was wrong about what the cases say in terms of this continuing jurisdiction. But the State had the obligation to object. It's nice to be on this side of arguing waiver because I'm usually on the other side where it is being argued up and down and back and forth that it was not preserved by trial counsel for the defendant in the lower court. This was not preserved by the prosecutor in terms of an objection to revestment. The trial court was revested with jurisdiction by the acts of the parties. This court then has jurisdiction. On 431B and the interplay with a trial in absentia, there was argument and the jury was told they could consider the defendant's failure to appear for trial as evidence of consciousness of guilt. There is case law that says that that can be argued to the jury. That is not the same as the defendant's right not to testify, which is what was ignored by the Court's statements to the jury in this case. That was the part of 431B that was entirely left out. The defendant has a right not to testify. He doesn't have to. Okay, he doesn't show for trial. You can use that as evidence of consciousness of guilt. But he doesn't have an obligation to testify regardless of, obviously, if he doesn't show for trial, he can't testify. But the jury should have been told. The 431B admonishments were deficient. I think they were especially deficient because it's a case where we don't have a defendant who's present and the jury's not told that he doesn't have to testify. With regard to closely balanced evidence, if the evidence is close on the most serious charge, and I haven't really heard an argument that the evidence wasn't close. I hear the argument that they think under the burden of proof that the reasonable doubt argument should not prevail. But the evidence is at least close, close enough this Court should be looking at and finding, I think, plain error in this case. On the most serious charge, even if the evidence isn't particularly close. And again, I think it's close on those other charges. I think that there's questions about credibility of the witnesses in light of their motives, in light of conflicts in their testimony. I think it's certainly close enough on all of them. But it's at least close on the most serious charge here. And I would find it difficult to say, well, it's not close on the other three, so that's fine. We hope we don't consider an error, because it is close on the most serious charge here. The charge that certainly, and the conviction that certainly has the greatest impact on my client's liberty. And so for those reasons, I would ask this Court again to find you have jurisdiction, reverse the predatory criminal sexual assault count outright, and reverse and remand the other counts for a new trial based on the arguments presented in the briefs and here today. Thank you. Thank you very much. Thank you both for your argument today. We will take this matter under advisement and suggestion of the witness position within a short day. And I will now take a short recess for business.